## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BRIGHT U.O.,

     Plaintiff,

          v.

ALEJANDRO MAYORKAS, *Secretary of U.S. Department of Homeland Security*; UR MENDOZA JADDOU, *Director of U.S. Citizenship and Immigration Services*; and SHINEKA MILLER, *Director of the U.S. Citizenship Immigration Services, Atlanta Field Office*,

     Defendants.

Civil Action No.
1:22-cv-01560-SDG

### OPINION AND ORDER

This matter is before the Court on Defendants' unopposed motion to dismiss [ECF 9]. For the following reasons, the motion is **GRANTED**.

### I.   Background

Plaintiff was granted Lawful Permanent Residency on November 6, 2016, as a result of his marriage to a United States citizen.[1] On September 10, 2018, he submitted a Petition to Remove Conditions on Residence (the Original Petition).[2] He divorced on February 12, 2019.[3] Accordingly, he requested a waiver of the joint

---

[1]   ECF 1, ¶ 17.

[2]   *Id.*; ECF 1-2, at 1.

[3]   ECF 1, ¶ 18.

filing requirement for the Original Petition.[4] On March 29, 2021, Defendants sent Plaintiff a Notice of Termination of Conditional Residence (the First Termination Letter).[5] The letter indicates that Plaintiff had failed to establish that his marriage had been entered in good faith.[6] Plaintiff contends the First Termination Letter did not comply with the applicable regulations because he was not given the opportunity to rebut negative or derogatory findings.[7] Despite that letter, Plaintiff had not been placed in removal proceedings over a year later.[8]

On April 23, 2021, Plaintiff filed another Petition to Remove Conditions on Residence (the Second Petition).[9] Plaintiff filed suit almost a year later, on April

---

[4]   *Id.*

[5]   *Id.* ¶ 20.

[6]   ECF 1-3.

[7]   ECF 1, ¶ 21 (citing 8 C.F.R. § 216.4(c)(4)).

[8]   *Id.* ¶ 37.

[9]   ECF 9-1, at 7.

The materials related to Plaintiff's Second Petition were attached to Defendants' motion to dismiss. Plaintiff did not dispute the authenticity of those documents. The Court may therefore consider them in ruling on Defendants' motion. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("Our Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine . . . under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.").

21, 2022, to "compel action" on his Original Petition.[10] He seeks an order compelling Defendants to provide him "adequate due process and to properly review the evidence" he offered in response to the derogatory findings.[11] He asserts that this Court has jurisdiction to review Defendants' actions under the Administrative Procedure Act.[12] Plaintiff also contends that he was entitled to review in a Removal Proceeding of his denied Original Petition.[13] His Complaint does not mention the Second Petition.[14]

On June 8, 2022, United States Citizenship and Immigration Services (USCIS) issued a Notice of Intent to Terminate Conditional Resident Status (the NOIT), giving Plaintiff notice of its intent to deny the Second Petition.[15] The NOIT indicates that Plaintiff did not meet his burden to establish that his marriage had been entered in good faith.[16] It further states that Plaintiff provided the same

---

[10]  *See generally* ECF 1.

[11]  *Id.* ¶ 25, Count II.

[12]  *Id.*, Count I.

[13]  *Id.* ¶ 37.

[14]  *See generally* ECF 1.

[15]  ECF 9-1, at 7; ECF 9-2.

[16]  ECF 9-2.

materials in support of his Second Petition as he had with the Original Petition.[17]
In response to the NOIT, Plaintiff failed to provide additional evidence to rebut
the conclusion that his marriage had not been bona fide.[18] On September 28, 2022,
a second Notice of Termination of Conditional Residence (the Second Termination
Letter) was issued.[19] On October 4, 2022, a Notice to Appear was issued, charging
Plaintiff with removability as a non-citizen whose conditional permanent resident
status had been terminated.[20] After this, Defendants moved to dismiss the
Complaint, arguing that the Court lacks jurisdiction.[21] Plaintiff did not oppose the
motion. The Court thus treats it as unopposed. LR 7.1(B), NDGa. But even when a
plaintiff fails to respond to a motion to dismiss, the court must still address the
motion on its merits. *Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017).

## II.    Discussion

Defendants make two arguments in favor of dismissal. First, they assert that
neither they nor the Court can legally exercise jurisdiction over the Original or

---

[17]   ECF 9-1, at 7. *See also* ECF 9-2, at 2.

[18]   ECF 9-1, at 7; ECF 9-3, at 1.

[19]   ECF 9-1, at 7.

[20]   ECF 9-1.

[21]   ECF 9.

Second Petition because Plaintiff has been placed in removal proceedings.[22]

Second, Defendants contend that Plaintiff's claims and the relief he seeks are

moot.[23] Since mootness affects the existence of subject matter jurisdiction, the

Court only addresses Defendants' second argument.

Federal courts may only act in the context of a live case or controversy. *Sec.*

*& Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) (citations

omitted). If a claim is moot, it does not present a live case or controversy, *Al Najjar*

*v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (citations omitted), and there is

no subject-matter jurisdiction, *Kassama v. Chertoff*, No. 1:08-cv-0860-WSD, 2008 WL

2227504, at *1 (N.D. Ga. May 27, 2008) (Duffey, J.).

> If events that occur subsequent to the filing of a lawsuit
> or an appeal deprive the court of the ability to give the
> plaintiff or appellant meaningful relief, then the case is
> moot and must be dismissed.

*Al Najjar*, 273 F.3d at 1336. *See also Gray v. Sec'y for the Dep't of Homeland Sec.*,

452 F. App'x 873, 875 (11th Cir. 2011) (per curiam) ("Because USCIS's actions have

provided Gray the relief he sought in his lawsuit, his appeal from the district

---

[22]   *Id.* at 8–9.

[23]   *Id.* at 9–11.

court's denial of his motion for an order to show cause and his motion for injunctive relief is moot.").

The Complaint alleges that Plaintiff was not provided the opportunity to respond to the derogatory information on which the denial of his Original Petition was based. However, Plaintiff had an opportunity to respond to such information in connection with the NOIT issued on his Second Petition, which was based on the same evidence used to support the Original Petition. Plaintiff has already received the relief he sought from the Court—to have an opportunity to respond to the derogatory information on which the denial of his Original Petition was based and for Defendants to review his evidence when adjudicating his petition.[24] That neither of his petitions was adjudicated in his favor does not change the fact that there is no additional relief the Court can provide based on his pleading.

---

[24]   ECF 1, at 15.

### III.    Conclusion

Defendants' motion to dismiss [ECF 9] is **GRANTED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 27th day of September, 2023.

Steven D. Grimberg
United States District Court Judge